**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MICHAEL KEENAN and JASON INKLEBARGER,**

        **Plaintiffs,**

v.                                           Case No:   6:14-cv-1725-Orl-31GJK

**CONCEPT MANAGEMENT GROUP and PAUL GENTLES,**

        **Defendants.**

___

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **PLAINTIFFS' RENEWED MOTION FOR ENTRY OF DEFAULT FINAL JUDGMENT (Doc. No. 20)**
>
> **FILED:**      May 14, 2015
>
> ___
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part** and **DENIED in part**.

**I.  BACKGROUND.**

    **A.  The Complaint.**

On October 23, 2014, Michael Keenan and Jason Inklebarger (collectively, the "Plaintiffs") filed a complaint (the "Complaint") against Concept Management Group d/b/a Critter 911 ("CMG") and Paul Gentles, president of CMG, (collectively, the "Defendants").  Doc. No. 1.[1]

---

[1] The Complaint also named Kay Gentles d/b/a Protrapper as a defendant.  Doc. No. 1.  On April 10, 2015, Plaintiffs filed a notice of voluntarily dismissal of Kay Gentles.  Doc. No. 17.  On April 13, 2015, the Court entered an order dismissing Plaintiffs' claims against Kay Gentles without prejudice.  Doc. No. 18.

The gravamen of the Complaint is that Plaintiffs, who were employed by Defendants as animal control technicians, were not paid overtime wages for work they performed in excess of forty (40) hours per week, nor were they paid for the work performed during their first or last two weeks of employment with Defendants.  *Id*.  As a result, Plaintiffs assert two claims against Defendants: Count I – failure to pay overtime wages in violation the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207; and Count II – failure to pay earned wages in violation Florida common law.  *Id*.

### B.  Clerk's Default.

On January 24, 2015, Plaintiffs filed two (2) returns of service, in which the process server averred that he served Defendants on November 1, 2014.  Doc. Nos. 9; 10.  Specifically, the process server averred that he served Defendants by serving Gentles' wife at his usual place of abode.  *Id*.  That same day, Plaintiffs filed a Motion for Entry of Default.  Doc. No. 11.  On January 26, 2015, the Clerk entered default against Defendants.  Doc. Nos. 12-13.

### C.  Motion for Default Judgment.

On May 14, 2015, Plaintiffs filed a Renewed Motion for Entry of Default Final Judgment (the "Motion"), along with affidavits from themselves and evidence pertaining to costs.  Doc. Nos. 20; 20-1; 20-2; 20-3; 20-4.[2]   Plaintiffs maintain that the allegations in the Complaint and the evidence presented in support of the Motion demonstrate that they are entitled to default judgment against Defendants.  Doc. No. 20 at 5-8.  On Count I, Plaintiffs request an award of damages in the following amounts: 1) $5,000.00 for Keenan's unpaid overtime wages and liquidated damages; and 2) $15,000.00 for Inklebarger's unpaid overtime wages and liquidated damages.  *Id*. at 9-11.

---

[2] On May 1, 2015, the Court entered an order denying Plaintiffs' initial motion for default judgment (Doc. No. 14) due to an issue with Plaintiffs' damages calculation.  Doc. No. 19.

On Count II, Keenan requests an award of $1,000.00 in unpaid wages. *Id*. at 9, 11. Finally, Plaintiffs request an award of $505.00 in costs. *Id*. at 10-11.

## II.    STANDARD OF REVIEW.

The Federal Rules of Civil Procedure establish a two-step process for obtaining a default judgment. First, when a party against whom a judgment for affirmative relief is sought fails to plead or otherwise defend as provided by the Federal Rules of Civil Procedure, and that fact is made to appear by affidavit or otherwise, the Clerk enters default. Fed. R. Civ. P. 55(a). Second, after obtaining clerk's default, the plaintiff must move for default judgment. Fed. R. Civ. P. 55(b). Before entering default judgment, the court must ensure that it has jurisdiction over the claims and parties, and that the well-pled factual allegations of the complaint, which are assumed to be true, adequately state a claim for which relief may be granted. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[3]

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This standard does not require detailed factual allegations, but does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To this end, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). To state a plausible claim for relief, plaintiff must go beyond merely pleading the "sheer possibility" of unlawful activity by a defendant and offer "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

*Id*. (citing *Twombly*, 550 U.S. at 556).   If plaintiff fails to meet this pleading standard, then plaintiff will not be entitled to default judgment.

If plaintiff is entitled to default judgment, then the court must consider whether plaintiff is entitled to the relief he or she requests in their motion for default judgment.   With respect to a request for damages, plaintiff bears the burden of demonstrating that he or she is entitled to recover the amount of damages sought in their motion for default judgment.   *Wallace v. The Kiwi Grp., Inc.*, 247 F.R.D. 679, 681 (M.D. Fla. 2008).   Unlike well-pled allegations of fact, allegations relating to the amount of damages are not admitted by virtue of default; rather, the court must determine both the amount and character of damages.   *Id*. (citing *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999)).   Therefore, even in the default judgment context, "[a] court has an obligation to assure that there is a legitimate basis for any damage award it enters[.]"   *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003); *see Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) (explaining that damages may be awarded on default judgment only if the record adequately reflects a basis for an award of damages).   Ordinarily, unless a plaintiff's claim against a defaulting defendant is for a liquidated sum or one capable of mathematical calculation, the law requires the district court to hold an evidentiary hearing to fix the amount of damages.   *See S.E.C. v. Smyth*, 420 F.3d 1225, 1231 (11th Cir. 2005).   However, no hearing is needed "when the district court already has a wealth of evidence from the party requesting the hearing, such that any additional evidence would be truly unnecessary to a fully informed determination of damages." *See Id*. at 1232 n.13; *see also Wallace*, 247 F.R.D. at 681 ("a hearing is not necessary if sufficient evidence is submitted to support the request for damages").

### III. ANALYSIS.

#### A. Clerk's Default.

The Federal Rules of Civil Procedure provide that an individual or corporation may be served pursuant to: 1) the law(s) of the state where the district court is located or where service is made; or 2) the method(s) of service provided in the Federal Rules of Civil Procedure. Fed. R. Civ. P. 4(e), (h). Plaintiffs served Defendants pursuant to Florida state law. Doc. Nos. 9; 10. Therefore, the undersigned will examine whether service was proper under Florida law.

In Florida, an individual may be served by either "delivering a copy of [original process] to the person to be served with a copy of the complaint, petition, or other initial pleading or paper" or "by leaving the copies at his or her usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents." Fla. Stat. § 48.031(1)(a). A corporation, on the other hand, may be served by serving any one of the following individuals in the order provided:

> a. On the president or vice president, or other head of the corporation;
>
> b. In the absence of any person described in paragraph (a), on the cashier, treasurer, secretary, or general manager;
>
> c. In the absence of any person described in paragraph (a) or paragraph (b), on any director; or
>
> d. In the absence of any person described in paragraph (a), paragraph (b), or paragraph (c), on any officer or business agent residing in the state.

*Id*. at § 48.081(1)(a-d). Alternatively, a corporation may be served by serving its registered agent. *Id*. at § 48.081(3)(a). "If the address for the registered agent, officer, director, or principal place of business is a residence or private mailbox, service on the corporation may be made by serving the registered agent, officer, or director in accordance with [section] 48.031." *Id*. at §

48.081(3)(b).

On November 1, 2014, Plaintiffs served Gentles and CMG by serving Gentles' wife with the summons and a copy of the Complaint at Gentles' usual place of abode and advised his wife of the contents of the documents served. Doc. Nos. 9; 10. The undersigned finds that Defendants were properly served with the summons and a copy of the Complaint. Fla. Stat. §§ 48.031(1)(a); 48.081(3)(b).[4] Therefore, Defendants had twenty-one (21) days from the date of service – November 1, 2014 – to respond to the Complaint. Fed. R. Civ. P. 12(a)(1)(A)(i). To date, Defendants have neither responded to the Complaint nor appeared in this action. Accordingly, the Clerk properly entered default against Defendants. Fed. R. Civ. P. 55(a).[5]

**B. Liability.**

Plaintiffs assert two claims against Defendants: Count I – failure to pay overtime wages in violation of the FLSA; and Count II – failure to pay wages earned during their first and final two weeks of employment. Doc. No. 1 at 6-8. The undersigned will address each cause of action in turn.

**1. Overtime Wages.**

An employee engaged in interstate commerce must be paid an overtime wage of one and one-half times his or her regular rate for all hours he or she works in excess of forty (40) hours per week. 29 U.S.C. § 207(a)(1). If an employee is not paid the statutory wage, the FLSA creates a

---

[4] The Florida Department of State, Division of Corporations website identifies Gentles as the president of Concept Management Group d/b/a Critter 911, and, in that capacity, lists his residential address. *See Florida Department of State, Division of Corporations*, Detail by Entity Name: Concept Management Group, Inc., available at, http://search.sunbiz.org/Inquiry/CorporationSearch/SearchResultDetail?inquirytype=EntityName&directionType=Initial&searchNameOrder=CONCEPTMANAGEMENTGROUP%20P070000437840&aggregateId=domp-p07000043784-d8d8bdaa-75a1-4218-84f8-37733c032002&searchTerm=concept%20management%20group&listNameOrder=CONCEPTMANAGEME NTGROUP%20F117450 (last visited July 16, 2015).

[5] The Court has subject matter jurisdiction over the claims pursuant to 28 U.S.C. §§ 1331, 1337, and 1367(a). The Court also has personal jurisdiction over Defendants, who reside and conduct business in and committed the alleged violations in Florida. Doc. No. 1 at ¶ 19; *see also* Doc. Nos. 9; 10.

private cause of action for that employee against his or her employer for the recovery of unpaid overtime wages and an equal amount of liquidated damages if the failure to pay overtime wages is found to be willful. *Id*. at §§ 216(b), 260. To establish a prima facie case of liability for unpaid overtime compensation under the FLSA, the plaintiff must demonstrate the following: 1) defendant employed him or her; 2) either (a) he or she was engaged in interstate commerce, or (b) defendant is an enterprise engaged in interstate commerce; 3) he or she worked over forty (40) hours a week; and 4) defendant did not pay him or her all of their overtime wages. *See Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1277 n.68 (11th Cir. 2008).

### a. Employment.

As defined by the statute, and subject to certain exceptions not at issue here, an "employee" is "any individual employed by an employer." 29 U.S.C. § 203(e)(1). The statutory definition of "employer" is similarly broad as it encompasses both the employer for whom the employee directly works, as well as "any person acting directly or indirectly in the interest of an employer in relation to an employee[.]" *Id*. at § 203(d). Given the broad definition of "employer," an employee "may file suit directly against an employer that fails to pay him the statutory wage, or may make a derivative claim against any person who (1) acts on behalf of that employer and (2) asserts control over conditions of the employee's employment." *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011) (citing *Patel v. Wargo*, 803 F.2d 632, 637-38 (11th Cir. 1986)).

#### i. CMG.

Plaintiffs allege and aver that CMG employed them as animal control technicians. Doc. Nos. 1 at ¶¶ 5-6; 20-1 at ¶ 4; 20-2 at ¶ 4. Plaintiffs' main duty consisted of trapping animals. Doc. No. 1 at ¶¶ 7-8. Accepting these allegations and averments as true, the undersigned finds

that Plaintiffs have sufficiently demonstrated they were employed by CMG.

### ii. Gentles.

Whether an individual is an "employer" under the FLSA "does not depend on technical or 'isolated factors but rather on the circumstances of the whole activity.'" *Hodgson v. Griffin & Brand of McAllen, Inc.*, 471 F.2d 235, 237 (5th Cir. 1973) (quoting *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 730 (1947)). Specifically, courts assess the "economic reality of the relationship between the parties" to determine whether an individual is an "employer" under the FLSA. *Rodriguez v. Jones Boat Yard, Inc.*, 435 F. App'x 885, 888 (11th Cir. 2011) (quoting *Villarreal v. Woodham*, 113 F.3d 202, 205 (11th Cir. 1997)).[6] In conducting this analysis, the court considers whether the alleged employer: 1) had the power to hire and fire the employees; 2) supervised and controlled employee work schedules or conditions of employment; 3) determined the rate and method of payment; and 4) maintained employment records. *Id.*; *see Patel*, 803 F.2d at 638 ("To be personally liable [for violations of the FLSA's overtime provisions], an officer must either be involved in the day-to-day operation or have some direct responsibility for the supervision of the employee.").

Plaintiffs allege that Gentles is an "employer" under the FLSA. Doc. No. 1 at ¶¶ 23, 25. In support, Plaintiffs allege that Gentles: 1) had the power to hire and fire Plaintiffs; 2) supervised and controlled Plaintiffs' work schedule or conditions of employment; 3) determined Plaintiffs' rate and method of payment; and 4) maintained employment records. Doc. No. 1 at ¶ 25. Accepting these allegations as true, the undersigned finds that Plaintiffs have sufficiently demonstrated that Gentles is an "employer" under the FLSA. As Plaintiffs' "employer," Gentles is jointly and severally liable for any damages that result from violations of the FLSA. *See, e.g.*,

---

[6] In the Eleventh Circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

*Patel*, 803 F.2d at 637-38 (finding that an individual "employer" with operational control over a covered enterprise is an employer along with the covered enterprise, and jointly and severally liable under the FLSA for unpaid wages).

### b. Coverage.

In order to be eligible for overtime wages under the FLSA, an employee must demonstrate that he or she is covered by the FLSA. *Josendis*, 662 F.3d at 1298. An employee may demonstrate that he or she is covered under the FLSA's overtime provision by demonstrating one of the following: 1) he or she was engaged in commerce or in the production of goods for commerce (i.e., individual coverage); or 2) that the employer was engaged in commerce or in the production of goods for commerce (i.e., enterprise coverage). 29 U.S.C. § 207(a)(1); *Josendis*, 662 F.3d at 1298-99.

Here, Plaintiffs maintain that Defendants were an enterprise covered by the FLSA throughout the relevant period. Doc. Nos. 1 at ¶ 27; 20 at 6-7. An enterprise is engaged in commerce or in the production of goods for commerce if it meets the following requirements:

> (i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and
>
> (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000[.]

29 U.S.C. § 203(s)(1)(A)(i)-(ii). A court "cannot presume for enterprise coverage either that the employer was involved in interstate commerce or that the employer grosses over $500,000 annually." *De Lotta v. Dezenzo's Italian Rest., Inc.*, Case No. 6:08-cv-2033-Orl-22KRS, 2009 WL 4349806, at *2 (M.D. Fla. Nov. 24, 2009) (citing *Sandoval v. Fla. Paradise Lawn Maint., Inc.*, 303 F. App'x 802, 805 (11th Cir. 2008)).

Plaintiffs allege that at all relevant times Defendants "had 2 or more employees engaged in interstate commerce by handling, selling or otherwise working on goods or materials that have been moved or produced for such commerce." Doc. No. 1 at ¶ 29. Specifically, Plaintiffs allege and aver that they worked with animal and pest control equipment and supplies that was moved in and/or produced for interstate commerce. Doc. Nos. 1 at ¶ 30; 20-1 at ¶ 11; 20-2 at ¶ 11. Plaintiffs further allege that at all relevant times the annual gross revenue of Defendants was in excess of $500,000.00 per annum. Doc. No. 1 at ¶ 33. In support, Plaintiffs aver that they received "emails from the office reflecting work orders . . . and amounts earned" revealing that Defendants grossed between $2,000.00 and $4,000.00 per day. Doc. Nos. 20-1 at ¶ 10; 20-2 at ¶ 10. In light of these averments, Defendants grossed, at minimum, $520.000.00 per annum based on a five (5) day workweek. Accepting these allegations and averments as true, the undersigned finds that Plaintiffs have sufficiently demonstrated enterprise coverage.

### c. Hours of Work per Week.

Plaintiffs allege and aver that they worked in excess of forty (40) hours per week during their employment with Defendants. Doc. Nos. 1 at ¶ 38; 20-1 at ¶ 7; 20-2 at ¶ 7. Specifically, Plaintiffs allege that they worked an average of fifteen (15) to twenty (20) hours of overtime per week. Doc. No. 1 at ¶¶ 13-14. Plaintiffs, though, aver that they worked an average of twenty (20) hours of overtime per week. Doc. Nos. 20-1 at ¶ 8; 20-2 at ¶ 8. Accepting these allegations and averments as true, the undersigned finds that Plaintiffs have sufficiently demonstrated that they worked in excess of forty (40) hours per week while employed by Defendants.

### d. Unpaid Overtime.

Plaintiffs allege and aver that they were not paid any overtime wages for the hours they worked in excess of forty (40) hours per week. Doc. Nos. 1 at ¶ 38; 20-1 at ¶ 8; 20-2 at ¶ 8.

Accepting these allegations and averments as true, the undersigned finds that Plaintiffs have sufficiently demonstrated that Defendants did not pay them overtime wages for all hours they worked in excess of forty (40) hours per week.

In light of the foregoing, it is **RECOMMENDED** that the Court find that Plaintiffs have sufficiently demonstrated that Defendants violated the FLSA's overtime provision, 29 U.S.C. § 207(a)(1), and that Defendants are jointly and severally liable for the resultant damages.

### 2. Unpaid Wages.

Count II purports to be a state law claim for unpaid wages.  Doc. No. 1 at 7-8.  Plaintiffs allege that Defendants failed to pay them any wages for work they performed during their first and last two weeks of employment.  *Id*. at ¶¶ 45-46.  As a result, Plaintiffs seek an award of unpaid wages, as well as attorney's fees and costs pursuant to § 448.08, Florida Statutes.  *Id*. at 8.  In the Motion, Plaintiffs, referring to the Complaint, state that "Defendants also failed to pay Plaintiffs regular wages, in violation of Section 448.08, Florida Statutes."  Doc. No. 20 at 5.

Section 448.08, Florida Statutes, does not create a cause of action for unpaid wages.  Instead, it relates only to the award of attorney's fees and costs for prevailing parties in an action for unpaid wages brought pursuant to some other law.  Fla. Stat. § 448.08 ("The court may award to the prevailing party in an action for unpaid wages costs of the action and a reasonable attorney's fee.").  Nevertheless, federal courts have interpreted claims for "unpaid wages" that cite only to section 448.08, Florida Statutes, as a claim for unpaid wages under Florida common law.  *Perez v. Mediglez Wellness Ctr., Inc.*, Case No. 8:12-cv-2751-T-33EAJ, 2013 WL 5566183, at *4 (M.D. Fla. Oct. 8, 2013) (citing *Baker v. Fid. Mortgage Direct Corp.*, Case No. 8:10-cv-2596-T-24TBM, 2011 WL 1560665, at *2 n.4 (M.D. Fla. Apr. 25, 2011)).  The undersigned finds these cases

persuasive and, consequently, interprets Count II as a claim for unpaid wages under Florida common law.

In Count II, Plaintiffs allege that Defendants failed to pay them any wages for work they performed during their first and last two weeks of employment. Doc. No. 1 at ¶¶ 45-46. In the Motion, however, only Keenan seeks unpaid wages under Count II and he does so on the basis that Defendants withheld a paycheck. Doc. No. 20 at 9-10.[7] Accepting the allegations in the Complaint as true and given the lack of opposition, it is **RECOMMENDED** that the Court find that Keenan is entitled to relief for unpaid wages under Florida common law.

### C. Damages.

Plaintiffs were entitled to be paid one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours during a workweek. 29 U.S.C. § 207(a)(1). In an FLSA case, the plaintiff bears the burden of proving, "with definite and certain evidence, that he performed work for which he was not properly compensated." *Reeves v. Int'l Tel. & Tel. Corp.*, 616 F.2d 1342, 1351 (5th Cir. 1980) *implicitly overruled on other grounds by McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133-34 (1988). A plaintiff may establish his or her damages by affidavit. *See Adolph Coors*, 777 F.2d at 1544 ("Damages may be awarded only if the record adequately reflects the basis for [an] award via 'a hearing or a demonstration by detailed affidavits establishing the necessary facts.'") (quoting *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)). Additionally, "employees who prevail under the FLSA are entitled to recover liquidated damages unless the employer makes an affirmative showing that it acted in good faith." *Ojeda-Sanchez v. Bland Farms, LLC*, 499 F. App'x 897, 902 (11th Cir. 2012) (citing *Dybach v.*

---

[7] In the Motion, Plaintiffs provide no explanation why Inklebarger is not seeking damages for unpaid wages under Count II. *See* Doc. No. 20. Whatever the case may be, the undersigned finds that Inklebarger has abandoned his claim for relief under Count II.

*Fla. Dep't of Corrections*, 942 F.2d 1562, 1566-67 (11th Cir. 1991)).

Plaintiffs allege that "records, to the extent any exist, concerning the amount of hours worked and amounts paid to Plaintiffs, are in the possession and custody of Defendants." Doc. No. 1 at ¶ 35. When an employer fails to keep time records, or, in this case, fails to appear and provide time records, and the employee proves he or she performed work for which he or she was not properly compensated, the burden shifts to the employer to prove its claim or disprove the employee's, and upon failing to do so, the court can award damages to the employee even if the result is only approximate. *See Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299, 1315 (11th Cir. 2013) (citing *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88 (1946)); *see also Brock v. Norman's Country Mkt., Inc.*, 835 F.2d 823, 828 (11th Cir. 1988). Here, Plaintiffs have proven that they performed work for which they were not properly compensated, and Defendants, by failing to appear, have failed to disprove Plaintiffs' claims. *See supra* at 6-12. As such, the Court may award damages to Plaintiffs for the overtime work they performed during their employment with Defendants, even if those damages are approximate.

1. **Keenan.**

Keenan avers that he worked for Defendants between October of 2013 and May 7, 2014, and was paid a salary of $500.00 per week. Doc. No. 20-1 at ¶¶ 5-6. Keenan avers that he worked an average of sixty (60) hours per week (i.e., twenty (20) hours of overtime per week) and was not paid time and one-half for any overtime work. *Id.* at ¶¶ 7-8. If an employee is employed solely on a weekly salary basis, as is the case here, the "regular hourly rate of pay, on which time and a half must be paid, is computed by dividing the salary by the number of hours which the salary is intended to compensate." *Rodriguez v. Farm Stores Grocery, Inc.*, 518 F.3d 1259, 1268-69 (11th Cir. 2008) (quoting 29 C.F.R. § 778.113(a)); *see also* 29 C.F.R. § 778.325 (explaining

that a base salary used to calculate a regular rate can be intended to cover more than 40 hours in one week). Keenan calculates his unpaid overtime wages in accordance with § 778.113(a) as follows: $500.00 ÷ 60 hours = $8.33 per hour ÷ 2 x 20 overtime hours per week x 30 weeks of employment = $2,500.00 in unpaid overtime wages. Doc. No. 20 at 9.[8]  On this record, the undersigned finds that Keenen has provided sufficient evidence to support his request for $2,500.00 in unpaid overtime wages.

Keenan also seeks an award of liquidated damages. Doc. Nos. 1 at 7; 20 at 9-10. Keenan alleges that Defendants' willfully refused to pay him overtime wages. Doc. No. 1 at ¶¶ 39-41. Defendants have not presented any evidence of a good faith failure to pay overtime wages. Therefore, by virtue of Defendants' default, Defendants admit that they willfully violated the FLSA. As a result, the undersigned finds that Keenan is entitled to an award of liquidated damages. Accordingly, it is **RECOMMENDED** that the Court award Keenan $2,500.00 in unpaid overtime wages, and an equal amount of liquidated damages.

Keenan also requests an award of $1,000.00 for unpaid wages stemming from a paycheck withheld by Defendants. Doc. No. 20 at 9. Unlike his claim for unpaid overtime wages, Keenan does not specifically aver to the amount of unpaid wages claimed under Count II. Doc. No. 20-1. Nevertheless, the undersigned finds that Keenan is entitled to the amount requested under Count II. In the Complaint, Plaintiffs alleged that Defendants failed to pay them wages for work they performed during their first and last two weeks of employment. Doc. No. 1 at ¶¶ 45-46. Therefore, based on the allegations in the Complaint and Keenan's averment that he was paid a weekly salary of $500.00, Defendants were alleged to have withheld as much as $1,500.00 from Keenan. Keenan, though, only requests an award of $1,000.00 for unpaid wages. Doc. No. 20

---

[8] Though is not clear from the Complaint or Keenan's affidavit, the foregoing calculation indicates that Keenan's weekly salary was intended to compensate him for sixty (60) hours of work per week.

at 9. Though Keenan provides no explanation for the reduction, the amount requested is supported by the record. Accordingly, it is **RECOMMENDED** that the Court award Keenan an additional $1,000.00 for unpaid wages.

### 2. Inklebarger.

Inklebarger avers that he worked for Defendants between June of 2012 and February of 2014, and was paid a salary of $500.00 per week. Doc. No. 20-2 at ¶¶ 5-6. Inklebarger avers that he worked an average of sixty (60) hours per week (i.e., twenty (20) hours of overtime per week) and was not paid time and one-half for any overtime work. *Id*. at ¶¶ 7- 8. Inklebarger calculates his unpaid overtime wages in accordance with § 778.113(a) as follows: $500.00 ÷ 60 hours = $8.33 per hour ÷ 2 x 20 overtime hours per week x 90 weeks of employment = $7,500.00 in unpaid overtime wages. Doc. No. 20 at 9.[9] On this record, the undersigned finds that Inklebarger has provided sufficient evidence to support his request for $7,500.00 in unpaid overtime wages.

Inklebarger also seeks an award of liquidated damages. Doc. Nos. 1 at 7; 20 at 9-10. Inklebarger alleges that Defendants' willfully refused to pay him overtime wages. Doc. No. 1 at ¶¶ 39-41. Defendants have not presented any evidence of a good faith failure to pay overtime wages. Therefore, by virtue of Defendants' default, Defendants admit that they willfully violated the FLSA. As a result, the undersigned finds that Inklebarger is entitled to an award of liquidated damages. Accordingly, it is **RECOMMENDED** that the Court award Inklebarger $7,500.00 in unpaid overtime wages, and an equal amount of liquidated damages.

---

[9] Though is not clear from the Complaint or Inklebarger's affidavit, the foregoing calculation indicates that Inklebarger's weekly salary was intended to compensate him for sixty (60) hours of work per week.

**D. Costs.**

The FLSA mandates that in any action brought by an employee to enforce Sections 206 or 207 of the Act, the Court shall "in addition to any judgment awarded to the plaintiff or plaintiffs, allow … costs of the action."  29 U.S.C. § 216(b).  In FLSA cases, courts may tax those costs permitted by 28 U.S.C. § 1920.  *See Glenn v. General Motors Corp.*, 841 F.2d 1567, 1575 (11th Cir. 1988) (finding that "nothing in the legislative history associated with Section 216(b)'s passage suggests that Congress intended the term "costs of the action" to differ from those costs as now enumerated in 28 U.S.C.A § 1920").[10]  A court, though, may not tax costs "in excess of those permitted by Congress under 28 U.S.C. § 1920."  *Maris Distrib. Co. v. Anheuser-Busch, Inc.*, 302 F.3d 1207, 1225 (11th Cir. 2002).

Plaintiffs request an award of $505.00 in costs, which represents $400.00 for the filing fee and $105.00 for service of process.  Doc. No. 20 at 10.  The filing fee is recoverable and reasonable.  28 U.S.C. § 1920(1).  Fees for service of process are also recoverable.  *Id*.  Here, Plaintiffs seeks costs for serving Defendants and attempting to serve Kay Gentles.  Doc. No. 20-4 at 3.  However, Kay Gentles was never served with a summons and copy of the Complaint, and the claims against her were ultimately dismissed without prejudice.  Doc. Nos. 16; 18; 20-4. Plaintiffs should not recover the cost for service that was never made, nor should the Defendants be required to pay for such cost.  Therefore, the undersigned finds that Plaintiffs should only recover $70.00 in costs for service of process on Defendants (i.e., $35.00 for service of each

---

[10] Section 1920 permits the Court to tax the following as costs: 1) fees of the clerk and marshal; 2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; 3) fees and disbursements for printing and witnesses; 4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; 5) docket fess under section 1923 of this title; and 6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services.  28 U.S.C. § 1920.

summons). Accordingly, it is **RECOMMENDED** that the Court award Plaintiffs $470.00 in costs.

IV. **CONCLUSION.**

Based on the forgoing, it is **RECOMMENDED** that the Motion (Doc. No. 20) be **GRANTED in part** and **DENIED in part** as follows:

1. Enter a judgment:

    a. In favor of Michael Keenan and against Defendants, jointly and severally, in the total amount of $6,000.00;[11]

    b. In favor of Jason Inklebarger and against Defendants, jointly and severally, in the total amount of $15,000.00;[12]

    c. In favor of Michael Keenan and Jason Inklebarger and against Defendants, jointly and severally, for a total of $470.00 in costs; and

2. Otherwise, **DENY** the Motion (Doc. No. 20); and

3. Direct the Clerk to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on July 16, 2015.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

---

[11] This amount consists of $2,500.00 in unpaid overtime wages, $2,500.00 in liquidated damages, and $1,000.00 for unpaid wages stemming from a check withheld by Defendants.

[12] This amount consists of $7,500.00 in unpaid overtime wages, and $7,500.00 in liquidated damages.

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy